IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PRUDENCE PELINO, as personal )
representative of the ESTATE OF )     CIVIL ACTION NO. 2:23-cv-0033
VENANZIO PELINO, )
)
　　　　Plaintiff, )
)
　　　v. )
)
HOPEWELL AREA SCHOOL )
DISTRICT and MICHELLE MILLER, )
)
　　　　Defendants. )

## COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, PRUDENCE PELINO, as a personal representative of the

ESTATE OF VENANZIO PELINO, by and through her attorneys LAW OFFICES OF JOEL

SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO TERZIGNI, ESQUIRE and

ELIZABETH TUTTLE, ESQUIRE, and hereby files this Complaint in a Civil Action, of which

the following is a statement:

### JURISDICTION AND VENUE

1.　　　This is an action for the redress of grievances and in vindication of civil rights guaranteed

to the Plaintiff under the Constitution of the United States and the laws enacted in furtherance

thereof, including 42 U.S.C. § 1983.

2.　　　This Court has jurisdiction over these claims pursuant to the Americans with Disabilities

Act ("ADA"), 42 U.S.C. Sections 12101-12213, and pursuant to the Age Discrimination in

Employment Act (ADEA), 26 U.S.C. Sections 621 et seq, and pursuant to Title VII of the Civil

Rights Act of 1964, 42 U.S.C. Section 2000e et seq.  This Court may exercise pendent

jurisdiction over Counts VII through XIV of this Complaint brought under the Pennsylvania

Human Relations Act (PHRA), 43 P.S. Section 951, et seq. 955, and Count XII, a Pennsylvania

common law claim.

3.      Venue is proper under 28 U.S.C.A. § 1391(b). All claims set forth herein arose in the

Western District of Pennsylvania.

4.      Plaintiff has satisfied all procedural and administrative requirements set forth in Section

706 of Title VII of the Civil Rights Act of 1964, as amended, and in particular:

> A.      Plaintiff filed a charge of discrimination with the Equal
> Employment Opportunity Commission ("EEOC") on or
> about April 21, 2021, and said charge was cross-filed
> with the Pennsylvania Human Relations Commission
> ("PHRC");
>
> B.      The EEOC issued a Notice of Right to Sue dated
> October 12, 2022; and
>
> C.      Plaintiff's Complaint is timely filed within 90 days of
> Plaintiff's receipt of the Notice of Right to Sue.

5.      A JURY TRIAL IS DEMANDED AS TO ALL COUNTS TO THE EXTENT

PERMITTED BY LAW.

PARTIES

6.      Plaintiff's Decedent, VENANZIO PELINO (hereinafter the "Decedent") was, at the time

of his death, a resident of Beaver County, Pennsylvania.  The Decedent is represented in this

action by the Administratrix of Decedent's estate, PRUDENCE PELINO, who is the Decedent's

spouse.

7.      Defendant, HOPEWELL AREA SCHOOL DISTRICT (hereinafter the "School

District"), is a governmental entity and/or political subdivision of the Commonwealth of

Pennsylvania with administrative offices at 2354 Brodhead Road, Aliquippa, Pennsylvania

15001.  At all times relevant hereto, Defendant School District was acting by and through its

agents, subsidiaries, officers, employees and assigns, acting within the full scope of their agency, office, employment and/or assignment.

8.       Defendant, MICHELLE MILLER, an aider and abettor to the discrimination described herein, is an adult female resident of Pennsylvania.  At all times relevant to this matter, Defendant Miller was employed by Defendant School District as its superintendent, and exercised the powers of her authority to discriminate against the Plaintiff for an improper and unlawful purpose.

<u>FACTUAL ALLEGATIONS</u>

9.       The Decedent was employed by Defendant School District as Director of Buildings and Grounds from in or about 2004 until his death on April 28, 2022.

10.       During the period from 2004 through the end of 2017, the Decedent performed his duties and responsibilities in exceptional fashion, and received annual performance evaluations which rated him as such.  During that period, Dr. Charles Reina served as the superintendent of the district.

11.       In early 2018, Dr. Reina was succeeded in his position by Defendant Miller.

12.       In her position as superintendent, Defendant Miller was not the Decedent's direct supervisor. Notwithstanding that fact, from early in her tenure as superintendent, and carrying on until she left the position in December of 2021, Defendant Miller began a course of conduct toward the Decedent which was designed to annoy, harass and hamper the Decedent in the performance of his duties.  By way of example, and not limitation, Defendant Miller demanded that the Decedent work excessive, unpaid overtime; Defendant Miller conspired with one or more employees of Defendant School District to make excessive demands for maintenance work that was either unnecessary, untimely or otherwise improper; she would also demean the

Decedent to members of the Defendant School District's school board directors, as well as to other employees of the district. Defendant Miller also falsely claimed that the Decedent abused drugs, and made this claim to one or more individuals, including one or more members of Defendant School District's school board.  These and other activities undertaken by Defendant Miller created a hostile work environment in which the Decedent was forced to work.

13.     Despite the fact that, after Defendant Miller began working as superintendent of Defendant School District, the Decedent continued to perform his job duties in exceptional fashion, without justification, Defendant Miller placed the Decedent on three separate Performance Improvement Plans (PIPs) which falsely accused the Decedent of various performance deficiencies, and which imposed on the Decedent goals and requirements that were virtually impossible to accomplish.  The false allegations by Defendant Miller that the Decedent performed his duties poorly and improperly, and that the Decedent was a drug abuser, became known to numerous employees of the school district, as well as to members of the school board. Defendant Miller, as well as other individuals associated with the Defendant School District disseminated this information to various individuals, including but not limited to employees of the district, as well as members of the school board. In addition, the fact that the Decedent had been given three PIPs became known to numerous employees of the school district, as well as to members of the school board.

14.     In addition, Defendant Miller improperly, and without justification, forced the Decedent to repeatedly meet with various school board members in order to defend himself against false accusations of poor performance made by Defendant Miller.  These actions, together with the conduct described at Paragraphs 12 and 13 hereinbefore above, had the effect of defaming the

Decedent's character and reputation, as well as placing him in a false light in the eyes of his peers, coworkers and employees of the Defendant School District.

15.     Plaintiff believes, and therefore avers, that at all times relevant to this Complaint, Defendant Miller knew that the Decedent was over the age of forty, and that he suffered from Crohn's disease.

16.     The conduct of Defendant Miller described at Paragraphs 12 and 13 hereinbefore above severely exacerbated the Decedent's Crohn's condition such that his health began deteriorating almost immediately after Defendant Miller took over as superintendent of the Defendant School District.  That deterioration continued throughout the Decedent's time working for the Defendant School District until ultimately, on April 28, 2022, the Decedent died.  The Decedent was sixty-one years of age at the time of his death.

17.     Plaintiff believes, and therefore avers, that the Decedent died from stress and anxiety brought on by the conduct of Defendant Miller as aforementioned.

18.     Plaintiff believes, and therefore avers, that Defendant Miller knew that her conduct was exacerbating the Decedent's health condition, and nevertheless continued taking the aforementioned actions in the hope that the Decedent would quit his employment with the Defendant School District.

19.     One or more members of Defendant School District's school board reprimanded Ms. Miller with respect to her conduct toward the Decedent.

20.     Plaintiff believes, and therefore avers, that despite the knowledge by Defendant School District's school board of the mistreatment of the Decedent by Defendant Miller, and despite the Decedent's repeated requests that the board intervene and correct Defendant Miller's conduct, and despite the Decedent's complaint that he believed that Defendant Miller's conduct was

motivated by the Decedent's age and/or sex and/or disability, Defendant School District's board took no formal action against Defendant Miller for several years, during which time the Decedent's health precipitously declined.  During that period, the Decedent was forced to hire counsel to advise him as to how to proceed to protect his employment rights.  Decedent's then counsel made a formal complaint to the Defendant's school board about the conduct of Defendant Miller, including the allegation that Defendant Miller's conduct was motivated by improper motives related to the Decedent's age, sex and disability.  In retaliation for the Decedent's complaints of discrimination, both directly and through counsel, the Defendant School District's board took no action to correct these issues, but rather permitted Defendant Miller to continue her discriminatory conduct toward the Decedent as described herein

21.     Defendant Miller did not engage in the same or similar conduct toward younger, female employees who were not disabled.

22.     During the course of her tenure as superintendent, Defendant Miller primarily hired female employees who were not disabled, and who were considerably younger than the Decedent.

23.     Early in her tenure as superintendent, Defendant Miller urged the Decedent to take early retirement, and to take a part time job to supplement his retirement income.  Throughout her tenure as superintendent, Defendant Miller made other remarks to the Decedent which, in addition to the foregoing, evidenced an age and/or sex and/or disability bias.

24.     In or about May of 2021, a newly constituted school board of Defendant School District was elected. That board was sworn in in late December, 2021.  Shortly before that new board took office, Defendant Miller resigned her employment with the Defendant School District. Plaintiff believes, and therefore avers that Defendant Miller resigned at that time because she

believed that she would face strong criticism, and probable discipline, including possible termination from employment, when the new board took office.

25.    As a direct and proximate result of the conduct of the Defendants as described more fully hereinbefore above, and because of the resultant decline in his health, in or about February of 2022, the Decedent began the process of retiring from his position with the Defendant School District.  The Decedent died before that process could be completed.

## COUNT I

### PLAINTIFF v. DEFENDANTS HOPEWELL SCHOOL DISTRICT AND MICHELLE MILLER

### VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA) 29 U.S.C. SECTIONS 621 et seq.

### AGE DISCRIMINATION

26.    Plaintiff incorporates by reference paragraphs 1 through 25 as though fully set forth at length herein.

27.    As described hereinbefore above, the Decedent was subjected to discrimination based upon his age as follows:

A.    The Decedent was in the class protected by the ADEA;

B.    The Decedent performed his duties in exemplary fashion;

C.    The Decedent suffered adverse employment actions including, but not limited to, excessive scrutiny, being forced to work excessive, unpaid overtime hours, being forced to perform excessive tasks which could not be completed in the allotted time and being subject to unfair and untrue criticism of his performance;

D.    Similarly situated employees who were outside the protected class and/or who were significantly younger than the Decedent were not subjected to the aforementioned adverse employment actions, and/or were treated more favorably than the Decedent.

E.    The reasons given by Defendant Miller and Defendant School District for the adverse treatment of the Decedent described above were and are pretextual and unworthy of belief.

28.    As a result of the Defendants' discriminatory actions, Plaintiff's Decedent has been substantially and illegally harmed, has suffered financial losses and deprivation of employment by reason of his death, which was directly and proximately caused by the actions of the Defendants, as aforementioned.  During his lifetime, the Decedent suffered unfair treatment and emotional and physical distress and injury, embarrassment and humiliation caused by the Defendant School District by virtue of the conduct of that defendant's managers, supervisors, employees, agents and/or school board members as aforementioned, and by virtue of the conduct of Defendant Miller, as aforementioned.

29.    Plaintiff, on behalf of the Decedent, has no other plain, adequate or complete remedy at law to redress the wrongs done to him by the Defendants, and this suit is the Plaintiff's only means of securing just and adequate redress and relief.

30.    Defendants' actions as aforementioned were intentional, willful and deliberate and/or done with a reckless disregard for the rights of Plaintiff's Decedent.

WHEREFORE, Plaintiff, on behalf of the Decedent, requests the following:

A.    that the Court enter a judgment declaring the Defendants' actions to be unlawful and violative of the ADEA;

B.    that the Court award  past and future damages to the Plaintiff in the nature of pay and benefits lost due to the Defendants' unlawful conduct, plus interest from the date of the Decedent's death;

C.    that, in addition to the foregoing, the Court award to the Plaintiff liquidated damages in an amount equal to the pecuniary losses sustained as a result of the Defendants' willful violation of the ADEA;

D.    that the Court award pre- and post-judgment interest from the date of the discrimination;

E.  that the Court award the Plaintiff reasonable attorney's fees and costs of this action; and

F.  that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT II

PLAINTIFF v. DEFENDANTS HOPEWELL SCHOOL DISTRICT
AND MICHELLE MILLER

VIOLATION OF PLAINTIFF'S RIGHTS UNDER
THE AMERICANS WITH DISABILITIES ACT
42 U.S.C. 12101 et seq.

DISABILITY DISCRIMINATION

31.     Plaintiff incorporates by reference paragraphs 1 through 30 as though fully set forth at length herein.

32.      As described hereinbefore above, the Decedent was subjected to discrimination based upon his disability as follows:

A.      The Decedent was in the class protected by the ADA;

B.      The Decedent performed his duties in exemplary fashion;

C.      The Decedent suffered adverse employment actions including, but not limited to excessive scrutiny, being forced to work excessive, unpaid overtime hours, being forced to perform excessive tasks which could not be completed in the allotted time and being subject to unfair and untrue criticism of his performance;

D.      Similarly situated employees who were outside the protected class and/or who were not disabled were not subjected to the aforementioned adverse employment actions, and/or were treated more favorably than the Decedent.

E.      The reasons given by Defendant Miller and Defendant School District for the adverse treatment of the Decedent described above were and are pretextual and unworthy of belief.

33.     As a result of the Defendants' discriminatory actions, Plaintiff's Decedent has been substantially and illegally harmed, has suffered financial losses and deprivation of employment

by reason of his death, which was directly and proximately caused by the actions of the

Defendants, as aforementioned.  During his lifetime, the Decedent suffered unfair treatment and

emotional and physical distress and injury, embarrassment and humiliation caused the Defendant

School District by virtue of the conduct of that defendant's managers, supervisors, employees,

agents and/or school board members as aforementioned, and by virtue of the conduct of

Defendant Miller as aforementioned.

34.     Plaintiff, on behalf of the Decedent, has no other plain, adequate or complete remedy at

law to redress the wrongs done to him by the Defendants, and this suit is the Plaintiff's only

means of securing just and adequate redress and relief.

35.     Defendants' actions as aforementioned were intentional, willful and deliberate and/or

done with a reckless disregard for the rights of Plaintiff's Decedent.

WHEREFORE, Plaintiff, on behalf of the Decedent, requests the following:

A.  that the Court enter a judgment declaring the Defendants' actions to be unlawful and
    violative of the ADA;

B.  that the Court award  past and future damages to the Plaintiff in the nature of pay and
    benefits lost due to the Defendants' unlawful conduct, plus interest from the date of
    the Decedent's death;

C.  that, in addition to the foregoing, the Court award to the Plaintiff damages sufficient
    to compensate the Plaintiff's Decedent for injuries caused by the Defendants, and
    each of them, for the Decedent's pain, suffering, inconvenience and emotional
    distress;

D.  that the Court award pre- and post-judgment interest from the date of the
    discrimination;

E.  that the Court award the Plaintiff reasonable attorney's fees and costs of this action;
    and

F.  that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT III

PLAINTIFF v. DEFENDANTS HOPEWELL SCHOOL DISTRICT
AND MICHELLE MILLER

VIOLATION OF PLAINTIFF'S RIGHTS UNDER
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
42 U.S.C. SECTIONS 2000e et seq

SEX DISCRIMINATION

36.     Plaintiff incorporates by reference paragraphs 1 through 35 as though fully set forth at

length herein.

37.     As described hereinbefore above, the Decedent was subjected to discrimination based

upon his sex as follows:

A.      The Decedent was in the class protected by Title VII of the 1964 Civil Rights Act;

B.      The Decedent performed his duties in exemplary fashion;

C.      The Decedent suffered adverse employment actions including, but not limited to
excessive scrutiny, being forced to work excessive, unpaid overtime hours, being
forced to perform excessive tasks which could not be completed in the allotted
time and being subject to unfair and untrue criticism of his performance;

D.      Similarly situated employees who were outside the protected class and/or who
were female were not subjected to the aforementioned adverse employment
actions, and/or were treated more favorably than the Decedent.

E.      The reasons given by Defendant Miller and Defendant School District for the
adverse treatment of the Decedent described above were and are pretextual and
unworthy of belief.

38.     As a result of the Defendants' discriminatory actions, Plaintiff's Decedent has been

substantially and illegally harmed, has suffered financial losses and deprivation of employment

by reason of his death, which was directly and proximately caused by the actions of the

Defendants, as aforementioned.  The Decedent has further suffered unfair treatment and

emotional and physical distress and injury, embarrassment, anxiety and humiliation caused by

the Defendant School District by virtue of the conduct of that defendant's managers, supervisors, employees, agents and/or school board members as aforementioned, and by virtue of the conduct of Defendant Miller, as aforementioned.

39.     Plaintiff, on behalf of the Decedent, has no other plain, adequate or complete remedy at law to redress the wrongs done to him by the Defendants, and this suit is the Plaintiff's only means of securing just and adequate redress and relief.

40.     Defendants' actions as aforementioned were intentional, willful and deliberate and/or done with a reckless disregard for the rights of Plaintiff's Decedent.

WHEREFORE, Plaintiff, on behalf of the Decedent, requests the following:

A.  that the Court enter a judgment declaring the Defendants' actions to be unlawful and violative of Title VII of the Civil Rights Act of 1964;

B.  that the Court award  past and future damages to the Plaintiff in the nature of pay and benefits lost due to the Defendants' unlawful conduct plus interest from the date of the Decedent's death;

C.  that, in addition to the foregoing, the Court award to the Plaintiff damages sufficient to compensate the Plaintiff's Decedent for injuries caused by the Defendants, and each of them, for the Decedent's pain, suffering, inconvenience and emotional distress;

D.  that the Court award pre- and post-judgment interest from the date of the discrimination;

E.  that the Court award the Plaintiff reasonable attorney's fees and costs of this action; and

F.  that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT IV

PLAINTIFF v. DEFENDANT HOPEWELL SCHOOL DISTRICT

VIOLATION OF PLAINTIFF'S RIGHTS UNDER
THE AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA)
29 U.S.C. SECTIONS 621 et seq.

RETALIATION - ADEA

41.     Plaintiff incorporates by reference paragraphs 1 through 40 as though fully set forth at

length herein.

42.     As described more fully hereinbefore above, the Decedent complained that the actions of

Defendant Miller were motivated by Plaintiff's age.  The Decedent made these complaints both

directly and through counsel.

43.     As described more fully hereinbefore above, as a direct and proximate result of the

complaints of discriminatory conduct made by the Decedent, directly and through counsel,

Defendant School District, by and through its school board, retaliated against the Decedent in

violation of the ADEA, by failing to take action against Defendant Miller for her willful

violation of the Decedent's rights, or to otherwise protect the Decedent's rights as

aforementioned.

44.      As a result of the Defendants' discriminatory actions, and as a result of the death of the

Decedent which was directly and proximately caused by the actions of the Defendant as

aforementioned, Plaintiff's Decedent has been substantially and illegally harmed, has suffered

financial losses and deprivation of employment by reason of his death, which was directly and

proximately caused by the actions of the Defendant, as aforementioned.  During his lifetime, the

Decedent suffered unfair treatment and emotional and physical distress and injury,

embarrassment, anxiety and humiliation caused by the Defendant School District by virtue of the

conduct of that defendant's managers, supervisors, employees, agents and/or school board members as aforementioned, and by virtue of the conduct of Defendant Miller as aforementioned.

45.     Plaintiff, on behalf of the Decedent, has no other plain, adequate or complete remedy at law to redress the wrongs done to him by the Defendant, and this suit is the Plaintiff's only means of securing just and adequate redress and relief.

46.     Defendant's actions as aforementioned were intentional, willful and deliberate and/or done with a reckless disregard for the rights of Plaintiff's Decedent.

WHEREFORE, Plaintiff, on behalf of the Decedent, requests the following:

A.  that the Court enter a judgment declaring the Defendants' actions to be unlawful and violative of the ADEA;

B.  that the Court award  past and future damages to the Plaintiff in the nature of pay and benefits lost due to the Defendants' unlawful conduct, plus interest from the date of the Decedent's death;

C.  that, in addition to the foregoing, the Court award to the Plaintiff liquidated damages in an amount equal to the pecuniary losses sustained as a result of the Defendants' willful violation of the ADEA;

D.  that the Court award pre- and post-judgment interest from the date of the discrimination;

E.  that the Court award the Plaintiff reasonable attorney's fees and costs of this action; and

F.  that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT V

PLAINTIFF v. DEFENDANT HOPEWELL SCHOOL DISTRICT

VIOLATION OF PLAINTIFF'S RIGHTS UNDER
THE AMERICANS WITH DISABILITIES ACT
42 U.S.C. 12101 et seq.

RETALIATION - ADA

47.     Plaintiff incorporates by reference paragraphs 1 through 46 as though fully set forth at

length herein.

48.      As described more fully hereinbefore above, the Decedent complained that the actions of

Defendant Miller were motivated by Plaintiff's disability.  The Decedent made these complaints

both directly and through counsel.

49.     As described more fully hereinbefore above, as a direct and proximate result of the

complaints of discriminatory conduct made by the Decedent, directly and through counsel,

Defendant School District, by and through its school board, retaliated against the Decedent in

violation of the ADA, by failing to take action against Defendant Miller for her willful violation

of the Decedent's rights, or to otherwise protect the Decedent's rights as aforementioned.

50.     As a result of the Defendants' discriminatory actions, and as a result of the death of the

Decedent which was directly and proximately caused by the actions of the Defendant as

aforementioned, Plaintiff's Decedent has been substantially and illegally harmed, has suffered

financial losses and deprivation of employment by reason of his death, which was directly and

proximately caused by the actions of the Defendants, as aforementioned.  During his lifetime, the

Decedent suffered unfair treatment and emotional and physical distress and injury,

embarrassment and humiliation caused by the Defendant School District by virtue of the conduct

of that defendant's managers, supervisors, employees, agents and/or school board members as aforementioned, and by virtue of the conduct of Defendant Miller as aforementioned.

51.     Plaintiff, on behalf of the Decedent, has no other plain, adequate or complete remedy at law to redress the wrongs done to him by the Defendant, and this suit is the Plaintiff's only means of securing just and adequate redress and relief.

52.     Defendant's actions as aforementioned were intentional, willful and deliberate and/or done with a reckless disregard for the rights of Plaintiff's Decedent.

WHEREFORE, Plaintiff, on behalf of the Decedent, requests the following:

A. that the Court enter a judgment declaring the Defendants' actions to be unlawful and violative of the ADA;

B. that the Court award  past and future damages to the Plaintiff in the nature of pay and benefits lost due to the Defendants' unlawful conduct, plus interest from the date of the Decedent's death;

C. that, in addition to the foregoing, the Court award to the Plaintiff damages sufficient to compensate the Plaintiff's Decedent for injuries caused by the Defendants, and each of them, for the Decedent's pain, suffering, inconvenience and emotional distress;

D. that the Court award pre- and post-judgment interest from the date of the discrimination;

E. that the Court award the Plaintiff reasonable attorney's fees and costs of this action; and

F. that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT VI

PLAINTIFF v. DEFENDANT HOPEWELL SCHOOL DISTRICT

VIOLATION OF PLAINTIFF'S RIGHTS UNDER
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
42 U.S.C. SECTIONS 2000e et seq

RETALIATION – TITLE VII

53.     Plaintiff incorporates by reference paragraphs 1 through 52 as though fully set forth at

length herein.

54.      As described more fully hereinbefore above, the Decedent complained that the actions of

Defendant Miller were motivated by Plaintiff's sex, male.  The Decedent made these complaints

both directly and through counsel.

55.     As described more fully hereinbefore above, as a direct and proximate result of the

complaints of discriminatory conduct made by the Decedent, directly and through counsel,

Defendant School District, by and through its school board, retaliated against the Decedent in

violation of Title VII, by failing to take action against Defendant Miller for her willful violation

of the Decedent's rights, or to otherwise protect the Decedent's rights as aforementioned.

56.     As a result of the Defendants' discriminatory actions, and as a result of the death of the

Decedent which was directly and proximately caused by the actions of the Defendant as

aforementioned, Plaintiff's Decedent has been substantially and illegally harmed, has suffered

financial losses and deprivation of employment by reason of his death, which was directly and

proximately caused by the actions of the Defendants, as aforementioned.  During his lifetime, the

Decedent suffered unfair treatment and emotional and physical distress and injury,

embarrassment and humiliation caused by the Defendant School District by virtue of the conduct

of that defendant's managers, supervisors, employees, agents and/or school board members as aforementioned, and by virtue of the conduct of Defendant Miller as aforementioned.

57.     Plaintiff, on behalf of the Decedent, has no other plain, adequate or complete remedy at law to redress the wrongs done to him by the Defendant, and this suit is the Plaintiff's only means of securing just and adequate redress and relief.

58.     Defendant's actions as aforementioned were intentional, willful and deliberate and/or done with a reckless disregard for the rights of Plaintiff's Decedent.

WHEREFORE, Plaintiff, on behalf of the Decedent, requests the following:

A.  that the Court enter a judgment declaring the Defendants' actions to be unlawful and violative of Title VII of the Civil Rights Act of 1964;

B.  that the Court award past and future damages to the Plaintiff in the nature of pay and benefits lost due to the Defendants' unlawful conduct, plus interest from the date of the Decedent's death;

C.  that, in addition to the foregoing, the Court award to the Plaintiff damages sufficient to compensate the Plaintiff's Decedent for injuries caused by the Defendants, and each of them, for the Decedent's pain, suffering, inconvenience and emotional distress;

D.  that the Court award pre- and post-judgment interest from the date of the discrimination;

E.  that the Court award the Plaintiff reasonable attorney's fees and costs of this action; and

F.  that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT VII

PLAINTIFF v. DEFENDANTS HOPEWELL SCHOOL DISTRICT
AND MICHELLE MILLER

VIOLATION OF PLAINTIFF'S RIGHTS UNDER
THE PENNSYLVANIA HUMAN RELATIONS ACT
43 P.S. Section 951, et seq.

AGE DISCRIMINATION – PHRA

59.     Plaintiff incorporates by reference paragraphs 1 through 58 as though fully set forth at

length herein.

60.     As described hereinbefore above, the Decedent was subjected to discrimination based

upon his age as follows:

      A.      The Decedent was in the class protected by the PHRA;

      B.      The Decedent performed his duties in exemplary fashion;

      C.      The Decedent suffered adverse employment actions including, but not limited to excessive scrutiny, being forced to work excessive, unpaid overtime hours, being forced to perform excessive tasks which could not be completed in the allotted time and being subject to unfair and untrue criticism of his performance;

      D.      Similarly situated employees who were outside the protected class and/or who were significantly younger than the Decedent were not subjected to the aforementioned adverse employment actions, and/or were treated more favorably than the Decedent.

      E.      The reasons given by Defendant Miller and Defendant School District for the adverse treatment of the Decedent described above were and are pretextual and unworthy of belief.

61.     As a result of the Defendants' discriminatory actions, Plaintiff's Decedent has been

substantially and illegally harmed, has suffered financial losses and deprivation of employment

by reason of his death, which was directly and proximately caused by the actions of the

Defendants, as aforementioned.  During his lifetime, the Decedent suffered unfair treatment and

emotional and physical distress and injury, embarrassment and humiliation caused by the

Defendant School District by virtue of the conduct of that defendant's managers, supervisors, employees, agents and/or school board members as aforementioned, and by virtue of the conduct of Defendant Miller as aforementioned.

62.    Plaintiff, on behalf of the Decedent, has no other plain, adequate or complete remedy at law to redress the wrongs done to him by the Defendants, and this suit is the Plaintiff's only means of securing just and adequate redress and relief.

63.    Defendants' actions as aforementioned were intentional, willful and deliberate and/or done with a reckless disregard for the rights of Plaintiff's Decedent.

WHEREFORE, Plaintiff, on behalf of the Decedent, requests the following:

A.  that the Court enter a judgment declaring the Defendants' actions to be unlawful and violative of the PHRA;

B.  that the Court award  past and future damages to the Plaintiff in the nature of pay and benefits lost due to the Defendants' unlawful conduct, plus interest from the date of the Decedent's death;

C.  that, in addition to the foregoing, the Court award to the Plaintiff damages sufficient to compensate the Plaintiff's Decedent for injuries caused by the Defendants, and each of them, for the Decedent's pain, suffering, inconvenience and emotional distress;

D.  that the Court award pre- and post-judgment interest from the date of the discrimination;

E.  that the Court award the Plaintiff reasonable attorney's fees and costs of this action; and

F.  that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT VIII

PLAINTIFF v. DEFENDANTS HOPEWELL SCHOOL DISTRICT
AND MICHELLE MILLER

VIOLATION OF PLAINTIFF'S RIGHTS UNDER
THE PENNSYLVANIA HUMAN RELATIONS ACT
43 P.S. Section 951, et seq.

DISABILITY DISCRIMINATION – PHRA

64.     Plaintiff incorporates by reference paragraphs 1 through 63 as though fully set forth at

length herein.

65.     As described hereinbefore above, the Decedent was subjected to discrimination based

upon his disability as follows:

   A.  The Decedent was in the class protected by the PHRA;

   B.  The Decedent performed his duties in exemplary fashion;

   C.  The Decedent suffered adverse employment actions including, but not limited to
      excessive scrutiny, being forced to work excessive, unpaid overtime hours, being
      forced to perform excessive tasks which could not be completed in the allotted
      time and being subject to unfair and untrue criticism of his performance;

   D.  Similarly situated employees who were outside the protected class and/or who
      were not disabled were not subjected to the aforementioned adverse employment
      actions, and/or were treated more favorably than the Decedent.

   E.  The reasons given by Defendant Miller and Defendant School District for the
      adverse treatment of the Decedent described above were and are pretextual and
      unworthy of belief.

66.     As a result of the Defendants' discriminatory actions, Plaintiff's Decedent has been

substantially and illegally harmed, has suffered financial losses and deprivation of employment

by reason of his death, which was directly and proximately caused by the actions of the

Defendants, as aforementioned.  During his lifetime, the Decedent suffered unfair treatment and

emotional and physical distress and injury, embarrassment and humiliation caused by the

Defendant School District by virtue of the conduct of that defendant's managers, supervisors, employees, agents and/or school board members as aforementioned, and by virtue of the conduct of Defendant Miller as aforementioned.

67.     Plaintiff, on behalf of the Decedent, has no other plain, adequate or complete remedy at law to redress the wrongs done to him by the Defendants, and this suit is the Plaintiff's only means of securing just and adequate redress and relief.

68.     Defendants' actions as aforementioned were intentional, willful and deliberate and/or done with a reckless disregard for the rights of Plaintiff's Decedent.

WHEREFORE, Plaintiff, on behalf of the Decedent, requests the following:

A.  that the Court enter a judgment declaring the Defendants' actions to be unlawful and violative of the PHRA;

B.  that the Court award  past and future damages to the Plaintiff in the nature of pay and benefits lost due to the Defendants' unlawful conduct, plus interest from the date of the Decedent's death;

C.  that, in addition to the foregoing, the Court award to the Plaintiff damages sufficient to compensate the Plaintiff's Decedent for injuries caused by the Defendants, and each of them, for the Decedent's pain, suffering, inconvenience and emotional distress;

D.  that the Court award pre- and post-judgment interest from the date of the discrimination;

E.  that the Court award the Plaintiff reasonable attorney's fees and costs of this action; and

F.  that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT IX

PLAINTIFF v. DEFENDANTS HOPEWELL SCHOOL DISTRICT
AND MICHELLE MILLER

VIOLATION OF PLAINTIFF'S RIGHTS UNDER
THE PENNSYLVANIA HUMAN RELATIONS ACT
43 P.S. Section 951, et seq.

<u>SEX DISCRIMINATION - PHRA</u>

69.    Plaintiff incorporates by reference paragraphs 1 through 68 as though fully set forth at

length herein.

70.     As described hereinbefore above, the Decedent was subjected to discrimination based

upon his sex as follows:

     A.    The Decedent was in the class protected by the PHRA;

     B.    The Decedent performed his duties in exemplary fashion;

     C.    The Decedent suffered adverse employment actions including, but not limited to excessive scrutiny, being forced to work excessive, unpaid overtime hours, being forced to perform excessive tasks which could not be completed in the allotted time and being subject to unfair and untrue criticism of his performance;

     D.    Similarly situated employees who were outside the protected class and/or who were female were not subjected to the aforementioned adverse employment actions, and/or were treated more favorably than the Decedent.

     E.    The reasons given by Defendant Miller and Defendant School District for the adverse treatment of the Decedent described above were and are pretextual and unworthy of belief.

71.    As a result of the Defendants' discriminatory actions, Plaintiff's Decedent has been

substantially and illegally harmed, has suffered financial losses and deprivation of employment

by reason of his death, which was directly and proximately caused by the actions of the

Defendants, as aforementioned.  The Decedent has further suffered unfair treatment and

emotional and physical distress and injury, embarrassment and humiliation caused by the

Defendant School District by virtue of the conduct of that defendant's managers, supervisors, employees, agents and/or school board members as aforementioned, and by virtue of the conduct of Defendant Miller as aforementioned.

72.     Plaintiff, on behalf of the Decedent, has no other plain, adequate or complete remedy at law to redress the wrongs done to him by the Defendants, and this suit is the Plaintiff's only means of securing just and adequate redress and relief.

73.     Defendants' actions as aforementioned were intentional, willful and deliberate and/or done with a reckless disregard for the rights of Plaintiff's Decedent.

WHEREFORE, Plaintiff, on behalf of the Decedent, requests the following:

A.  that the Court enter a judgment declaring the Defendants' actions to be unlawful and violative of the PHRA;

B.  that the Court award  past and future damages to the Plaintiff in the nature of pay and benefits lost due to the Defendants' unlawful conduct plus interest from the date of the Decedent's death;

C.  that, in addition to the foregoing, the Court award to the Plaintiff damages sufficient to compensate the Plaintiff's Decedent for injuries caused by the Defendants, and each of them, for the Decedent's pain, suffering, inconvenience and emotional distress;

D.  that the Court award pre- and post-judgment interest from the date of the discrimination;

E.  that the Court award the Plaintiff reasonable attorney's fees and costs of this action; and

F.  that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT X

PLAINTIFF v. DEFENDANTS HOPEWELL SCHOOL DISTRICT
AND MICHELLE MILLER

VIOLATION OF PLAINTIFF'S RIGHTS UNDER
THE PENNSYLVANIA HUMAN RELATIONS ACT
43 P.S. Section 951, et seq.

RETALIATION – AGE

74.     Plaintiff incorporates by reference paragraphs 1 through 73 as though fully set forth at

length herein.

75.     As described more fully hereinbefore above, the Decedent complained that the actions of

Defendant Miller were motivated by Plaintiff's age.  The Decedent made these complaints both

directly and through counsel.

76.     As described more fully hereinbefore above, as a direct and proximate result of the

complaints of discriminatory conduct made by the Decedent, directly and through counsel,

Defendant School District, by and through its school board, retaliated against the Decedent in

violation of the PHRA, by failing to take action against Defendant Miller for her willful violation

of the Decedent's rights, or to otherwise protect the Decedent's rights as aforementioned.

77.     As a result of the Defendants' discriminatory actions, and as a result of the death of the

Decedent which was directly and proximately caused by the actions of the Defendant as

aforementioned, Plaintiff's Decedent has been substantially and illegally harmed, has suffered

financial losses and deprivation of employment by reason of his death, which was directly and

proximately caused by the actions of the Defendant, as aforementioned.  During his lifetime, the

Decedent suffered unfair treatment and emotional and physical distress and injury,

embarrassment, anxiety and humiliation caused by the Defendant School District by virtue of the

conduct of that defendant's managers, supervisors, employees, agents and/or school board

members as aforementioned, and by virtue of the conduct of Defendant Miller as aforementioned.

78.     Plaintiff, on behalf of the Decedent, has no other plain, adequate or complete remedy at law to redress the wrongs done to him by the Defendant, and this suit is the Plaintiff's only means of securing just and adequate redress and relief.

79.     Defendants' actions as aforementioned were intentional, willful and deliberate and/or done with a reckless disregard for the rights of Plaintiff's Decedent.

WHEREFORE, Plaintiff, on behalf of the Decedent, requests the following:

A.   that the Court enter a judgment declaring the Defendants' actions to be unlawful and violative of the PHRA;

B.   that the Court award  past and future damages to the Plaintiff in the nature of pay and benefits lost due to the Defendants' unlawful conduct, plus interest from the date of the Decedent's death;

C.   that, in addition to the foregoing, the Court award to the Plaintiff damages sufficient to compensate the Plaintiff's Decedent for injuries caused by the Defendants, and each of them, for the Decedent's pain, suffering, inconvenience and emotional distress;;

D.   that the Court award pre- and post-judgment interest from the date of the discrimination;

E.   that the Court award the Plaintiff reasonable attorney's fees and costs of this action; and

F.   that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT XI

PLAINTIFF v. DEFENDANTS HOPEWELL SCHOOL DISTRICT
AND MICHELLE MILLER

VIOLATION OF PLAINTIFF'S RIGHTS UNDER
THE PENNSYLVANIA HUMAN RELATIONS ACT
43 P.S. Section 951, et seq.

RETALIATION – DISABILITY

80.     Plaintiff incorporates by reference paragraphs 1 through 79 as though fully set forth at

length herein.

81.     As described more fully hereinbefore above, the Decedent complained that the actions of

Defendant Miller were motivated by Plaintiff's disability.  The Decedent made these complaints

both directly and through counsel.

82.     As described more fully hereinbefore above, as a direct and proximate result of the

complaints of discriminatory conduct made by the Decedent, directly and through counsel,

Defendant School District, by and through its school board, retaliated against the Decedent in

violation of the PHRA, by failing to take action against Defendant Miller for her willful violation

of the Decedent's rights, or to otherwise protect the Decedent's rights as aforementioned.

83.     As a result of the Defendants' discriminatory actions, and as a result of the death of the

Decedent which was directly and proximately caused by the actions of the Defendant as

aforementioned, Plaintiff's Decedent has been substantially and illegally harmed, has suffered

financial losses and deprivation of employment by reason of his death, which was directly and

proximately caused by the actions of the Defendants, as aforementioned.  During his lifetime, the

Decedent suffered unfair treatment and emotional and physical distress and injury,

embarrassment and humiliation caused by the Defendant School District by virtue of the conduct

of that defendant's managers, supervisors, employees, agents and/or school board members as aforementioned, and by virtue of the conduct of Defendant Miller as aforementioned.

84.      Plaintiff, on behalf of the Decedent, has no other plain, adequate or complete remedy at law to redress the wrongs done to him by the Defendant, and this suit is the Plaintiff's only means of securing just and adequate redress and relief.

85.      Defendants' actions as aforementioned were intentional, willful and deliberate and/or done with a reckless disregard for the rights of Plaintiff's Decedent.

WHEREFORE, Plaintiff, on behalf of the Decedent, requests the following:

A.   that the Court enter a judgment declaring the Defendants' actions to be unlawful and violative of the PHRA;

B.   that the Court award  past and future damages to the Plaintiff in the nature of pay and benefits lost due to the Defendants' unlawful conduct, plus interest from the date of the Decedent's death;

C.   that, in addition to the foregoing, the Court award to the Plaintiff damages sufficient to compensate the Plaintiff's Decedent for injuries caused by the Defendants, and each of them, for the Decedent's pain, suffering, inconvenience and emotional distress;

D.   that the Court award pre- and post-judgment interest from the date of the discrimination;

E.   that the Court award the Plaintiff reasonable attorney's fees and costs of this action; and

F.   that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT XII

PLAINTIFF v. DEFENDANTS HOPEWELL SCHOOL DISTRICT
AND MICHELLE MILLER

VIOLATION OF PLAINTIFF'S RIGHTS UNDER
THE PENNSYLVANIA HUMAN RELATIONS ACT
43 P.S. Section 951, et seq.

RETALIATION – SEX

86.     Plaintiff incorporates by reference paragraphs 1 through 85 as though fully set forth at

length herein.

87.     As described more fully hereinbefore above, the Decedent complained that the actions of

Defendant Miller were motivated by Plaintiff's sex, male.  The Decedent made these complaints

both directly and through counsel.

88.     As described more fully hereinbefore above, as a direct and proximate result of the

complaints of discriminatory conduct made by the Decedent, directly and through counsel,

Defendant School District, by and through its school board, retaliated against the Decedent in

violation of the PHRA, by failing to take action against Defendant Miller for her willful violation

of the Decedent's rights, or to otherwise protect the Decedent's rights as aforementioned.

89.     As a result of the Defendants' discriminatory actions, and as a result of the death of the

Decedent which was directly and proximately caused by the actions of the Defendant as

aforementioned, Plaintiff's Decedent has been substantially and illegally harmed, has suffered

financial losses and deprivation of employment by reason of his death, which was directly and

proximately caused by the actions of the Defendants, as aforementioned.  During his lifetime, the

Decedent suffered unfair treatment and emotional and physical distress and injury,

embarrassment and humiliation caused by the Defendant School District by virtue of the conduct

of that defendant's managers, supervisors, employees, agents and/or school board members as aforementioned, and by virtue of the conduct of Defendant Miller as aforementioned.

90.      Plaintiff, on behalf of the Decedent, has no other plain, adequate or complete remedy at law to redress the wrongs done to him by the Defendant, and this suit is the Plaintiff's only means of securing just and adequate redress and relief.

91.      Defendants' actions as aforementioned were intentional, willful and deliberate and/or done with a reckless disregard for the rights of Plaintiff's Decedent.

WHEREFORE, Plaintiff, on behalf of the Decedent, requests the following:

A.  that the Court enter a judgment declaring the Defendants' actions to be unlawful and violative of the PHRA;

B.  that the Court award past and future damages to the Plaintiff in the nature of pay and benefits lost due to the Defendants' unlawful conduct, plus interest from the date of the Decedent's death;

C.  that, in addition to the foregoing, the Court award to the Plaintiff damages sufficient to compensate the Plaintiff's Decedent for injuries caused by the Defendants, and each of them, for the Decedent's pain, suffering, inconvenience and emotional distress;

D.  that the Court award pre- and post-judgment interest from the date of the discrimination;

E.  that the Court award the Plaintiff reasonable attorney's fees and costs of this action; and

F.  that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT XIII

PLAINTIFF v. DEFENDANT HOPEWELL SCHOOL DISTRICT

VIOLATION PENNSYLVANIA COMMON LAW

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

92.     Plaintiff incorporates by reference paragraphs 1 through 91 as though fully set forth at length herein.

93.      By retaliating against the Decedent as described hereinbefore above, and by failing to prevent Defendant Miller from engaging in the discriminatory conduct described hereinbefore above, Defendant School District inflicted emotional distress upon the Decedent.

94.     The actions of Defendant School District as described hereinbefore above, were done intentionally and/or recklessly.

95.     The actions of Defendant School District as described hereinbefore above, were extreme and outrageous.

96.      As a direct and proximate result of the actions of Defendant School District as described hereinbefore above, the Decedent suffered severe and continuing emotional distress until his death on April 28, 2022.

        WHEREFORE, Plaintiff, on behalf of Plaintiff's Decedent, demands compensatory general damages against Defendant School District in an amount proven at trial; compensatory special damages including, but not limited to, costs of suit; punitive damages; reasonable attorney's fees as permitted by law, pre- and post-judgment interest as permitted by law; and such other relief as the Court deems just and proper.

                JURY TRIAL DEMANDED

COUNT XIV

PLAINTIFF v. DEFENDANT MICHELLE MILLER

VIOLATION PENNSYLVANIA COMMON LAW

<u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

97.     Plaintiff incorporates by reference paragraphs 1 through 96 as though fully set forth at length herein.

98.     By taking the actions described herein, including, but not limited to those actions described in paragraphs 12 and 13 above, Defendant Miller inflicted emotional distress on the Decedent.

99.     The actions of Defendant Miller as described hereinbefore above, were done intentionally and/or recklessly;

100.    The actions of Defendant Miller as described hereinbefore above, were extreme and outrageous;

101.    As a direct and proximate result of the actions of Defendant Miller as described hereinbefore above, the Decedent suffered severe and continuing emotional distress until his death on April 28, 2022.

WHEREFORE, Plaintiff, on behalf of Plaintiff's Decedent, demands compensatory general damages against Defendant Miller in an amount proven at trial; compensatory special damages including, but not limited to, costs of suit; punitive damages; reasonable attorney's fees as permitted by law, pre- and post-judgment interest as permitted by law; and such other relief as the Court deems just and proper.

JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE


s/ Joel S. Sansone
Joel S. Sansone, Esquire
Pa. I.D. No. 41008
Elizabeth Tuttle, Esquire
Pa. I.D. No. 322888
*Counsel for Plaintiff*

Law Offices of Joel Sansone
Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412-281-9194

Dated: January 9, 2023